UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JAMAAL M. MAYES, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) |  |  |
| v. | ) | No.: | 1:23-CV-11-TAV-SKL |
| ANDREW COYLE, et al., | ) |  |  |
| Defendants. | ) |  |  |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") currently housed in the Northwest Correctional Complex ("NWCX"), filed a pro se civil rights action in the Middle District of Tennessee [Doc. 1] that was transferred to this Court [Docs. 4, 5]. Also pending are Plaintiff's motions for leave to proceed *in forma pauperis* [Doc. 2] and for "monetary, injunctive relief" [Doc. 8]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion to proceed as a pauper, **DENY** his motion for monetary and injunctive relief, and **DISMISS** this action as frivolous.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion and supporting documents [Docs. 2, 9] that he lacks the financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but

only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

2

Case 1:23-cv-00011-TAV-SKL   Document 10   Filed 03/07/23   Page 2 of 5   PageID #: 32

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Allegations of Complaint

Plaintiff maintains that Defendants—a State prosecutor and nineteen officers with the Chattanooga Police Department—coerced a confession from him on November 5, 2017, "under duress of [his] mental health" issues, and that they "extracted wrongfully unlawful evidence" leading to his false arrest and imprisonment [*Id*. at 6, 11].

Plaintiff's criminal case was heard in the Hamilton County Criminal Court [*Id*. at 13]. Plaintiff alleges that on December 5, 2021, the prosecuting attorney engaged in prosecutorial misconduct and malicious prosecution [*Id*. at 6]. He maintains that the prosecutor ignored evidence, falsely accused Plaintiff, and slandered and defamed Plaintiff's character by "exposing an[] old sex charge that had nothing to do with [the] shooting case" for which

3

Plaintiff was then standing trial, thereby leading to Plaintiff's conviction on December 6, 2021 [*Id*. at 6, 11]. To support his allegations of mental illness, Plaintiff has attached various mental health records to his complaint [*Id*. at 13-25].

By way of relief, Plaintiff asks the Court to overturn his conviction and award him $5.3 million in damages [*Id*. at 7, 12].

**C.     Analysis**

First, Plaintiff cannot seek exoneration or release from prison in a § 1983 lawsuit; his only federal remedy for the fact of his incarceration is a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.").

Next, Plaintiff cannot obtain monetary damages in a § 1983 action based on the fact of his incarceration without first demonstrating that his conviction and/or sentence has been reversed or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding plaintiff must demonstrate unlawfulness of his conviction or confinement prior to pursue § 1983 suit challenging criminal judgment). Given the fact that Plaintiff is currently incarcerated on the conviction he seeks to challenge in this action, he has not demonstrated that his conviction or sentence has been invalidated.[1] Accordingly, Plaintiff cannot currently

---

[1] Plaintiff's direct appeal of the conviction he seeks to challenge in this § 1983 action is currently pending before the Tennessee Court of Criminal Appeals. *See* Tennessee State Courts, "*Appellate Case Search*," https://pch.tncourts.gov/CaseDetails.aspx?id=84822&Party=True (last visited Mar. 7, 2023).

sustain this action, and it will be dismissed as frivolous. *See Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (affirming district court judgment that *Heck*-barred claim fails to state a claim and is frivolous).

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. This action is **DISMISSED** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1);

6. Plaintiff's motion for monetary and injunctive relief [Doc. 8] is **DENIED** as moot; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE